UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Ahmed Farah Mohamed,

        Petitioner,                      Court File No. 15-cv-2726 (JRT/LIB)

v.

                                        **REPORT AND RECOMMENDATION**

Loretta Lynch, Attorney General,
et al.,

        Respondents.

      This matter comes before the undersigned United States Magistrate Judge upon Petitioner Ahmed Farah Mohamed's ("Petitioner") Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, [Docket No. 1]. This case has been referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.  The Court has authority to consider the Petition for Writ of Habeas Corpus, [Docket No. 1], pursuant to 28 U.S.C. § 2241.

      For reasons discussed herein, the Court recommends that the Petition for Writ of Habeas Corpus, [Docket No. 1], be **DENIED** as moot and that this action be DISMISSED without prejudice.

    **I.**      **BACKGROUND AND STATEMENT OF FACTS**

      Petitioner is a native and citizen of Somalia. (Petition for Writ of Habeas Corpus, [Docket No. 1], 3). He entered the United States of America in 1996. (See Id. at 4). After Petitioner was convicted of a crime[1] while in the United States, U.S. Immigration and Customs Enforcement

---

[1] Petitioner admits that he was convicted of a crime but does not identify for the Court the nature of the crime for which he was convicted.

("ICE") placed him into removal proceedings. (See Id.). On September 14, 2012, an Immigration Judge ordered that Petitioner be removed to Somalia. (Id.).

Pursuant to the removal Order, Petitioner was taken into custody by ICE on September 15, 2014, for the purpose of removing him to Somalia. (Id.). Since taking Petitioner into custody, however, ICE has been unable to remove Petitioner to Somalia. (Id.).

In his Petition for Writ of Habeas Corpus, [Docket No. 1], Petitioner alleged that ICE officials indicated that they hoped to remove him to Somalia within six months of taking him into custody. (Id. at 5). Petitioner also alleged that the Somalian government, however, is reluctant to accept forced removals to Somalia as a result of general instability in that country and that, despite his cooperation with the removal efforts, the Somalian Consulate has not issued travel documents to facilitate Petitioner's removal there. (Id. at 4-8).

On June 15, 2015, Petitioner filed the present *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, [Docket No. 1], asserting that his continued detention pending removal to Somalia was unlawful as it was not significantly likely that he would be removed to Somalia in the reasonably foreseeable future. (Id. at 5). On June 17, 2015, the undersigned entered an Order, [Docket No. 3], granting Petitioner leave to proceed in the present action without prepaying fees or costs. In that Order, [Docket No. 3], the Court also directed Respondents to file an answer to the Petition by no later than July 17, 2015.

On July 16, 2015, Respondent Scott Baniecke filed a Response, [Docket No. 5], indicating that on June 22, 2015, ICE had issued a Release Notification directing that Petitioner be released while ICE continued to seek his removal to Somalia. (See Id. at 1; see also Respondent's Exhibit 1, [Docket No. 6-1]). In the Release Notification, ICE indicated that Petitioner would be subject to conditions while on release and that violation of any of those

2

conditions could result in Petitioner being taken back into custody. (Respondent's Exhibit 1, [Docket No. 6-1]). Respondent Baniecke further indicated that, pursuant to the Release Notification, Petitioner has been released from custody as of June 22, 2015. (Response, [Docket No. 5], 1).

Petitioner has not filed a reply to the Response and there is no indication in the record presently before the Court that Petitioner has been taken back into ICE custody since his June 22, 2015, release.

## II. MOHAMED'S PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 22741, [Docket No. 1]

In his Petition for Writ of Habeas Corpus, [Docket No. 1], Petitioner alleged three claims challenging the legality of his continued detention pending his removal to Somalia. Respondents contend that the Court should now deny the petition as moot and dismiss the present action with prejudice, arguing that Petitioner has since been released from ICE custody and is on conditional release while he awaits removal.

### A. Standard of Review

In pertinent part, 28 U.S.C. § 1231(a)(1)(A), establishes a ninety (90) day removal period for aliens who have been ordered removed. The removal period begins on the latest of (1) the day the removal order becomes administratively final; (2) the date of the order issued by a court that has reviewed the removal order, if that court has ordered a stay of removal; or (3) the date the alien is released from incarceration or confinement for other than the immigration process. 28 U.S.C. § 1231(a)(1)(B). The statute requires the Attorney General to detain aliens ordered removed during the nine (90) day removal period. 28 U.S.C. § 1231(a)(2). Following the ninety (90) day removal period, the Attorney General may detain an alien who has been ordered removed who is also inadmissible under 28 U.S.C. § 1182, removable under 28 U.S.C. §§

3

1227(a)(1)(c), 1227(a)(2), or 1227(a)(4), or whom the Attorney General has determined to be a risk to the community or unlikely to comply with an order of removal. 28 U.S.C. § 1231(a)(6).

The United States Supreme Court has held that 28 U.S.C. § 1231(a)(6) does not authorize indefinite detention and has read an implicit limitation into the statute that the period an alien who has been ordered removed may be held in post-removal order detention is to be subject to the period in which there is a significant likelihood of removal to another country. Zadvydas v. Davis, 533 U.S. 678, 699-700 (2001) ("[A court] should measure reasonableness primarily in terms of the statute's basic purpose, namely, assuring the alien's presence at the moment of removal. Thus, if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute."). The Zadvydas Court established three pertinent time periods for determining whether removable is reasonably foreseeable: 1) the initial ninety (90) day removal period, in which detention is required; 2) between ninety (90) and one-hundred eighty (180) days, in which there is a presumption that removal is reasonably foreseeable and detention is authorized; and 3) beyond one-hundred eighty (180) days, in which detention is presumptively unreasonable. Id. at 700-01; see also Bah v. Cangemi, 489 F. Supp. 2d 905, 916 (D. Minn. 2007) (citing Zadvydas, 533 U.S. at 699).

**B. Analysis**

In the present case, the Respondents state, and Petitioner has submitted nothing to dispute, that Petitioner is no longer being held in custody pending his removal to Somalia. Respondents assert that any challenges to the legality of Petitioner's detention are, therefore, now moot.

The release from detention of a detainee while that detainee's petition challenging the legality of that detention remains pending does not automatically cause the petition to become

moot. Sayonkon v. Beniecke, No. CIV. 12-27 MJD/JJK, 2012 WL 1621149, at *2 (D. Minn. Apr. 17, 2012) report and recommendation adopted, No. CIV. 12-27 MJD/JJK, 2012 WL 1622545 (D. Minn. May 9, 2012) (citing Spencer v. Kemna, 523 U.S. 1, 7 (1998)). Rather, whether the petition becomes moot upon the petitioner's release depends on whether any of the potential exceptions to the mootness doctrine may apply. (Id.).

> Under these exceptions, the Petition should not be dismissed as moot if: "(1) secondary or 'collateral' injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit."

Id. (quoting Riley v. I.N.S., 310 F.3d 1253, 1256 (10th Cir. 2002)).

Accordingly, the Court will examine whether any of the potential exceptions to the mootness doctrine are applicable to the present case.

1. Secondary/Collateral Injury

In order for the secondary/collateral injury exception to the mootness doctrine to apply so as to maintain the action in the absence of a live controversy over the legality of the detention, there must be "some concrete and continuing injury other than the now-ended incarceration" or "'collateral consequence' of the conviction" still at issue. Spencer, 523 U.S. at 7. Petitioner has not identified any secondary or collateral injury that is still presently at issue. In addition, the Court's review of the caselaw indicates that this exception does not apply to the conditions of release imposed upon Petitioner, the only collateral consequence apparent to the Court on the present record, as those conditions of release are actually collateral to the original uncontested order of removal rather than the allegedly unlawful detention. See Sayonkon, 2012 WL 1621149, at *2. Accordingly, the secondary/collateral injury exception to the mootness doctrine is inapplicable to the present case.

2. <u>Capable of Repetition without Review</u>

The "capable of repetition, yet evading review" exception to the mootness doctrine is limited to circumstances in which: "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." <u>Weinstein v. Bradford</u>, 423 U.S. 147, 149 (U.S. 1975). Petitioner's detention in the present case was ended before the present issue now before the Court could be fully litigated. However, there is no indication in the record that the second element of this exception is fulfilled with regard to the present case. There is nothing in the record that provides a reasonable basis to expect that ICE will again subject Petitioner to pre-removal detention. <u>Sayonkon</u>, 2012 WL 1621149, at *4. Rather, the Release Notification indicates that ICE actually intends that Petitioner remain on conditional release while ICE continues to seek his removal to Somalia. Accordingly, the "capable of repetition, yet evading review" exception is similarly not applicable to the present case.

3. <u>Free to Resume Illegal Practice Voluntarily Ceased</u>

The voluntary cessation of challenged conduct will render litigation moot <u>only</u> "if it is clear that the defendant has not changed course simply to deprive the court of jurisdiction." <u>Nat'l Adver. Co. v. City of Miami</u>, 402 F.3d 1329, 1333 (11th Cir.2005) (per curiam); <u>Suarez–Tejeda v. United States</u>, 85 Fed. App'x. 711, 716 (10th Cir. 2004) (same). The Court's review of the record presently before it reveals nothing to raise a suspicion that ICE released Petitioner simply to deprive the Court of jurisdiction to consider the pending Petition. As it appears that the Respondents have not released Petitioner simply to deprive the Court of jurisdiction, the Court

concludes that the third exception to the mootness doctrine is also inapplicable to the facts of the present case.

    4. <u>Class Action</u>

The final exception to the mootness doctrine is inapplicable to the present case as there is no certified class at issue. Petitioner brought this case solely on his own behalf and not purportedly on behalf of a class of similarly situated individuals.

In sum, Petitioner's release from detention subject to conditions while ICE continues to pursue his removal to Somalia eliminated any live controversy over the legality of Petitioner's prior post removal Order detention. As none of the exceptions to the mootness doctrine applies, the undersigned recommends **DENYING** the Petition for Writ of Habeas Corpus, [Docket No. 1].

Because the undersigned recommends that the Petition be denied, the undersigned also recommends that this action be dismissed without prejudice. <u>See</u> <u>Ali v. Cangemi</u>, 419 F.3d 722, 723-24 (8th Cir. 2005) (en banc) (remanding case involving a detainee who was released while his petition for writ of habeas corpus was pending, which the Court of Appeals deemed moot, to the district court with instructions to dismiss the petition without prejudice).

## IV. CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. That the Petition for a Writ of Habeas Corpus, [Docket No. 1], be **DENIED as moot**; and,

2. That the present action be **DISMISSED without prejudice**.

Dated: January 26, 2016  s/Leo I. Brisbois
Leo I. Brisbois
U.S. MAGISTRATE JUDGE

**N O T I C E**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "A party may file and serve specific written objections to a magistrate judge's proposed findings and recommendation within 14 days after being served with a copy of the recommended disposition[.]" A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.